UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                    Case No.  5:99-cr-10-Oc-10GRJ

CARL CLARK
_____/

**O R D E R**

On June 3, 1999, Defendant Carl Clark pleaded guilty before the United States Magistrate Judge to Count One of the Indictment, conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  (Doc. 34).  At the sentencing hearing held on October 21, 1999 (Doc. 46), the Court sentenced the Defendant to a term of 188 months imprisonment, 48 months supervised release, and a $100 special assessment.  Judgment was entered that same day (Doc. 48).

This case is now before the Court for consideration of the United States' Motion for Reduction of Sentence (Doc. 59), pursuant to Federal Rule of Criminal Procedure 35(b)(2)(B) and 18 U.S.C. § 3553(e). The Government's motion was filed on July 12, 2006, almost five years after imposition of the sentence.  In those circumstances the rule says that such a motion may be considered "if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after the sentence is imposed."

The motion recites that since his sentencing, the Defendant has continued to assist law enforcement by arranging meetings with his spouse, a cooperating individual, and various persons for the purchase of cocaine. These meetings resulted in numerous arrests and at least one state criminal prosecution. The motion thus presents an obvious issue as to whether the efforts of the Defendant's spouse may be treated as "the <u>defendant's</u> substantial assistance" as required by the terms of the rule. Or, perhaps more accurately stated, the question is whether the Defendant's recruitment of his spouse as an informant may be treated as a qualifying substantial assistance to the United States by the Defendant where the information or evidence then provided by the spouse amounts to such substantial assistance.

The issue is not entirely novel because it has been considered by four other district courts. It has not been addressed, however, by any court of appeals.

The first decision resolving the question was <u>United States v. John Doe</u>, 870 F.Supp. 702 (E.D. Va. 1994). Judge Ellis held:

> Rule 35(b) and [U.S.S.G.] § 5K1.1 motions may be based on assistance rendered by a defendant's surrogate when (1) the defendant plays some role in instigating, requesting, providing, or directing the assistance; (2) the government would not have received the assistance but for the defendant's participation; (3) the assistance is rendered gratuitously; and (4) the court finds that no other circumstances weigh against rewarding the assistance.

<u>Id.</u> at 708. The Court reasoned that the purpose of Rule 35(b) and § 5K1.1, namely, to "achieve greater prosecutorial success," is furthered "whenever the government receives

2

substantial assistance on behalf of a defendant, regardless of whether the defendant alone provides the assistance." The Court thus concluded that, under limited circumstances, surrogate assistance would "fit comfortably within the contours of Rule 35(b) and § 5K1.1." Id.[1] The Court did, however, caution against "establish[ing] a sentencing scheme that permitted, in essence, a wealthy person to purchase a lighter sentence than that of an indigent." Id. at 707-08.

Subsequently, in United States v. Bush, 896 F.Supp. 424 (E.D. Pa. 1995), aff'd, 56 F.3d 536 (3d Cir. 1995), the court concluded that the requirement of the Doe decision that the Defendant play "some" role in the surrogate's substantial assistance creates a principle that is too lax. The court held instead that the Defendant's participation must be "material;" and, applying that measure, the court denied a Government motion under Rule 35(b) where the Defendant herself did no more than acquiesce in her husband's activities as an informant lending substantial assistance for his own benefit as well as the benefit of his wife.

Similarly, in United States v. Abercrombie, 59 F.Supp. 2d 585 (S.D. W.Va. 1999), the court agreed with the Bush decision and concluded that a "some role" standard, or a lenient "but for" test, appears to be inconsistent with the text of Section 5 K1.1 and Rule 35(b); rather the Defendant's assistance must be "substantial" in its own right in order to qualify

---

[1] The motion for a Rule 35(b) reduction in sentence was granted on the basis of assistance rendered by the Defendant's son who was supplied information by the Defendant and was recruited by the Defendant to pursue the investigation of a third party as a Government informer.

for a sentence reduction. Accordingly, the Government's motion made at sentencing was denied under Section 5K1.1, U.S.S.G., on the basis of facts materially indistinguishable from those of this case.[2]

Most recently, the United States District Court for the District of Minnesota in an unpublished decision agreed that Rule 35(b) motions should not be granted on the basis of third party substantial assistance. In United States v. Scott, Case No. CRIM. 98-1793ADMAJB, 2005 WL 741910 (D. Minn. Mar. 31, 2005), the court held that the language of Rule 35(b) "clearly contemplates information provided *by the Defendant.*" Id. at * 2 (emphasis in original). Judge Montgomery also expressed concern as to the policy implication of such motions, noting that they would "encourage defendants to coerce other, uninvolved parties to render third-party assistance." Id.

> The sentencing scheme should not create an incentive for defendants to coerce and intimidate others. Even in cases where intimidation is absent, allowing third-party cooperation would encourage friends and family members to investigate or engage in unlawful activity to assist defendants. Although the public may benefit greatly from assistance provided by individuals involved in criminal enterprises, the appropriate balance between preventing other criminal activity and reducing the defendants' sentences is disturbed when defendants mitigate the consequences of their acts through the aid of third parties.

Id. at *3.

---

[2] The Defendant in Abercrombie recruited his girlfriend who worked undercover making controlled purchases of cocaine. Here, according to the United States, the Defendant induced his spouse to make undercover purchases for Orange County law enforcement and the Mount Dora Police Department.

Upon due consideration, I agree with the decisions in Bush, Abercrombie, and Scott In order to meet the explicit requirements of Rule 35(b), the personal involvement of the Defendant in the substantial assistance rendered to the Government must be material and substantial in its own right; it must involve something more than merely recruiting someone else to render such assistance.  To hold otherwise would come dangerously close to permitting committed offenders, with no personal knowledge of ongoing criminal activity and with little personal risk at stake, to hire undercover operatives to work for the Government on the outside in exchange for a reduction in the offender's previously imposed sentence for a separate and discreet criminal act.  If that unseemly and arguably unjust result is to be reached it should be obtained only on the basis of a conscious policy choice by Congress at the end of the rules enabling act process and not as a result of judicial construction of a rule that does not clearly and unmistakably require that conclusion.  Judge Ellis in Doe tried to deal with this problem through the third element of his four part test - - that the surrogate's assistance must be rendered "gratuitously" - - but, as the court recognized in Bush, this approach may "oversimplify a substantial-assistance transaction (there exists a ready market for substantial assistance, even if the parties don't trade in dollars). . ."  896 F.Supp. at 427.

The Government's motion for reduction in sentence (Doc. 59) is therefore DENIED. The Clerk is directed to enter final judgment to that effect.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
United States Marshal
United States Probation Office
U.S. Pretrial Services Office
Counsel of Record
Maurya McSheehy, Courtroom Deputy
Carl Clark